IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOHN DOE, *et al.*,

    Plaintiffs,

         v.

BAHIA BEACH CH DEVELOPMENT, LLC, *et al.*,

    Defendants.

Civil No. 17-2287 (DRD)

<u>OPINION AND ORDER</u>

Pending before the Court are two Motions to Dismiss: (1) Defendants Bahia Beach CH Development, LLC's and BBP Partners, LLC's *Motion to Dismiss Second Amended Class Action Complaint*; and (2) Defendant Sheraton Puerto Rico Management, LLC's *Motion to Dismiss Second Amended Class Action Complaint*. Docket Nos. 65; 66. Plaintiffs opposed both respectively. Docket No. 84. Defendants collectively replied to the opposition. Docket No. 89. For the reasons stated herein, the Court **GRANTS** both Motions to Dismiss.

        **I.**      **RELEVANT FACTUAL BACKGROUND**

Plaintiffs John Doe and Jane Doe (collectively, "Plaintiffs") traveled to Puerto Rico on November 8, 2016 and on the same date checked into the St. Regis Bahia Beach Resort ("St. Regis Bahia" or "hotel"). Plaintiffs were provided room 311, which is an exclusive and private room, in

building 3. Docket No. 61 at 3. That same arrival day, Jane Doe noticed the bamboo blind to a window had a section missing, consequently she filled the section with tissue paper. *Id.* at 4.

The following day, November 9, 2016, Plaintiffs spent the morning using the hotel's facilities. When Plaintiffs returned to their room, they found a bottle of champagne with a note. *Id.* at 5. Plaintiffs aver they did not order the champagne, but assumed it was a gift from the hotel. *Id.* Before getting ready for dinner, they engaged in intimate moments. While Jane Doe was showering, two male employees walked into the bedroom to speak with John Doe. The Complaint alleges the employees stated they needed to fix a table, which was in front of the bamboo blind. After they fixed the problem, the employees left the bedroom. Jane Doe then walked into the bedroom and immediately noticed the tissue paper she used to fill in the missing section of the blind was no longer there. *Id.* at 6. Plaintiffs were unaware what the employees fixed and assumed the tissue paper fell on its own, so Jane Doe filled the missing section again. When Plaintiffs returned from dinner they noticed the tissue paper was on the floor, so they took a photo before filling the missing section once again. *Id.*

The same day, on November 9, 2016, Plaintiffs noticed the bathroom blind was also missing a section of bamboo; they took another photo. Plaintiffs then decided to inspect the bamboo blinds from the outside. When Plaintiffs stepped outside the bedroom, they found chairs and beer cans located outside the bedroom window in a spot where a person can look inside the hotel room,

into the shower and the bedroom; they hence took another photo. Plaintiffs claim at that moment

that for the first time, they realized "their right to privacy. . . ha[d] been violated." *Id*. at 9.

The Second Amended Complaint, which constitutes the critical filing, alleges that on

November 10, 2016, the damaged blinds were intentional acts that would allow employees to

secretly watch, record, or photograph the Plaintiffs in the bedroom. Immediately after, Plaintiffs

spoke with the St. Regis Bahia's front desk manager and to the general manager on the next day.

Plaintiffs requested the manager to report the incident to the Puerto Rico authorities. On

November 11, 2016, Plaintiffs checked out of the hotel. *Id*. 61 at 10.

## II.    PROCEDURAL HISTORY

Monday, November 13, 2017, Plaintiffs filed the Original Complaint against Defendants

Marriott International Inc., Starwood Hotels & Resorts Worldwide, LLC, Starwood Hotels &

Resorts Management Company, LLC, Bahia Beach CH Development, LLC, BBP Partners, LLC,

Interlink Group, Munoz Holdings Inc., Paulson & Co., Inc., and Roes 1 through 100 invoking

diversity jurisdiction under 28 U.S.C. §1332(d)(2)(A). The causes of action alleged in the Original

Complaint include negligence, negligent infliction of emotional distress, intentional infliction of

emotional distress and invasion of privacy, individually and on behalf of the class; which all have

a one-year statute of limitations pursuant to Article 1868 of the Civil Code of Puerto Rico Docket

No. 1.

Defendants filed their respective Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket Nos. 31; 32; 33; 34. On February 2, 2018, Plaintiffs filed a Notice of Voluntary Dismissal against all Defendants, except Bahia Beach CH Development, LLC ("Bahia Beach CH") and BBP Partners, LLC ("BBP Partners"). Docket No. 35. The Court dismissed all claims against said Defendants. Docket No. 40.

Plaintiffs filed a Motion for Leave to File a First Amended Complaint and opposed Defendants Bahia Beach CH and BBP Partners Motion to Dismiss. Docket Nos. 42; 43. Notably, Plaintiffs' Motion for Leave for File stated the purpose of amending the complaint was to add Sheraton Puerto Rico as a defendant but not to include additional facts. Docket No. 42. The Court granted Plaintiffs' Motion for Leave to File. Docket No. 44.

On February 5, 2018, Plaintiffs filed the First Amended Complaint against Defendants Bahia Beach CH, BBP Partners, and Sheraton Puerto Rico. Docket No. 45. On February 23, 2018, Bahia Beach CH and BBP Partners filed a second Motion to Dismiss Plaintiffs' First Amended Complaint arguing Plaintiffs' Original Complaint and First Amended Complaint fail to state a claim upon which relief can be granted. Docket No. 51. On March 9, 2018, Plaintiffs responded to Bahia Beach CH and BBP Partners second Motion to Dismiss. Docket No. 53.

On April 9, 2018, Sheraton Puerto Rico filed a Motion to Dismiss Plaintiffs' First Amended Complaint. Docket No. 54. Sheraton Puerto Rico argued that Plaintiffs First Amended Complaint must be dismissed because the action is time bared under the applicable one-year statute of

limitations provided under Article 1802 of Puerto Rico tort claims.[1] Plaintiffs filed a Motion for Leave to File the Second Amended Complaint Docket No. 58. Plaintiffs sought leave to amend the complaint to address certain information set forth in Sheraton Puerto Rico's Motion to Dismiss. In their Motion to Leave to File, Plaintiffs' alleged they fully understood their rights had been violated after they left Puerto Rico. *Id.* at 4. Plaintiffs also refer to the documents attached to Sheraton Puerto Rico's motion to dismiss. The Court granted Plaintiffs' Motion for Leave to File the Second Amended Complaint. Docket No. 60. Consequently, on May 7, 2018, the Court denied Defendants' Motion to Dismiss without prejudice, thus allowing Defendants to renew their request for dismissal based on the Second Amended Complaint. *Id.*

On May 7, 2018, Plaintiffs filed a Second Amended Complaint alleging the same causes of action as the previous complaints. Docket No. 61. Plaintiffs, however, added a substantial number of additional factual allegations. The amended facts were based allegedly on the documents Sheraton Puerto Rico attached to its previous Motion to Dismiss to show the Court the action was time bared. In contrast to the Original Complaint, the Second Amended Complaint specifically changed the dates and times the Plaintiffs checked into the hotel and the date when they realized the hotel staff had breached their right to privacy. *Id.* at 9. They also allege Defendants were negligent.

---

[1] It should be noted that all other causes of action asserted in the First Amended Complaint- i.e. negligence, negligent infliction of emotional distress, intentional infliction of emotional distress and invasion of privacy- have a one-year statute of limitations. *See* 31 P.R. Laws Ann. § 5298.

On June 6, 2018, Defendants Bahia Beach CH and BBP Partners filed a Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint. Docket No. 65. Bahia Beach CH and BPP Partners argue that the Second Amended Complaint fails to state a claim upon which relief can be granted. Similarly, Sheraton Puerto Rico filed a Motion to Dismiss Plaintiffs' Second Amended Complaint. Docket No. 66. Sheraton Puerto Rico argues the Plaintiffs' Second Amended Complaint is time-barred under Article 1868 of the of the Puerto Rico Civil Code. 31 P.R. Laws Ann. § 5298. On June 25, 2018, Plaintiffs opposed Defendants' Fourth Motion to Dismiss. Docket Nos. 82; 84.

On July 12, 2018, Defendants Bahia Beach CH, BBP Partners and Sheraton Puerto Rico replied to Plaintiffs' Opposition to Defendants Motion to Reconsider and Plaintiff's Response to Defendants Fourth Motion to Dismiss. Docket No. 89.

### III.    RELEVANT FACTUAL BACKGROUND RELATING TO TIMELINESS OF ACTION

The Class Action Complaint ("Original Complaint") was filed on Monday, November 13, 2017. Docket No. 1. The Original Complaint alleges that Plaintiffs checked into the St. Regis Bahia on November 10, 2016. Docket No. 1 at 6. After checking in, Plaintiffs decided to get ready for bed. *Id.* While John Doe was showering, Jane Doe noticed that the bamboo blind was missing a section, therefore she filled it with tissue paper to avoid the light shinning through. *Id.*

The next day, November 11, 2016, Plaintiffs spent the day at the beach. *Id.* at 7. They returned to their suite in the afternoon to get ready for dinner. *Id.* While Jane Doe was showering, two male

employees walked into the room and told John Doe they needed to fix something. *Id*. Once they left, John Doe told his wife what happened, and she immediately noticed that the tissue paper was missing again from the blind. *Id*. at 8. "Alarmed and concerned, John Doe and Jane Doe searched their entire suite and noticed another bedroom window facing the wooded area to the was also covered with a bamboo blind that had a similar section of bamboo missing." *Id*. It is clear from the face of the Original Complaint, that on the second day of their stay, which was Friday, November 11, 2016, Plaintiffs realized their right to privacy was violated.

On April 9, 2018, Sheraton Puerto Rico filed a *Motion to Dismiss* and attached documents showing Plaintiffs complained to the hotel about the incident that occurred with the bamboo blinds in their hotel room through a phone call on November 9, 2016. Docket No. 54-6 at 2. The documents submitted by Sheraton Puerto Rico show that Plaintiffs learned their right to privacy was violated on November 9, 2016, as they reached out to housekeeping personnel about the incident. Once two employees of Sheraton Puerto arrived to investigate the matter, and the employees sent an email informing their supervisor of the investigation on the same day, November 9, 2016. Docket. No. 54-7. Accordingly, Sheraton Puerto Rico argued the statute of limitations began to run on Thursday, November 10, 2016 and expired on Thursday, November 9, 2017, thus time baring the Original Complaint that was filed on Monday, November 13, 2017.[2] The

---

[2] Sheraton Puerto Rico argues the statute of limitations began to run on Thursday, November 10, 2016 such that Plaintiffs had until Thursday, November 9, 2017, or day 365, to file their complaint. (Docket No. 54 at 20)(citing *Yeinsip v. Lufthansa German Airlines*, 725 F.Supp. 113, 115 (D.P.R. 1989) to note that "[t]he time in

Court, however, will not consider the documents submitted by Sheraton Puerto Rico in adjudicating the pending motions as the *Motion to Dismiss* became moot when Plaintiffs proceeded to amend the complaint.

On May 7, 2018, Plaintiffs filed the Second Amended Complaint. Docket No. 61. The Second Amended Complaint changed and added factual allegations that were not previously included in the Original Complaint. For example, Plaintiffs corrected the check-in date from November 10, 2016 to Tuesday, November 8, 2016. Docket No. 61 at 3. Also, the Second Amended Complaint provides that Plaintiffs learned their right to privacy was violated on November 10, 2016, as opposed to the Original Complaint date of November 11, 2016. Docket No. 61 at 9. Consequently, as per the allegations of the Second Amended Complaint, the one-year statute of limitations began to run on November 10, 2016, and expired on Monday, November 13, 2017[3], thus showing timely filed the Original Complaint on Monday, November 13, 2017.

### III. STANDARD OF REVIEW FOR MOTIONS TO DISMISS

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his

---

which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded.").

[3] According to Plaintiffs, the statute of limitations expired on Monday November 13, 2017 because Friday, November 10, 2017 was Veterans Day, which was a Holiday observed by the United States District Court, and thus the limitations period was extended to the next business day Monday November 13, 2017.

entitlement [with] more than labels and conclusions." *See Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).')(quoting *Twombly*, 550 U.S. at 555) (citation omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). *Id.* at 570; *see e.g. Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662. "Context based" means that a Plaintiff must allege enough facts that comply with the basic elements of the cause of action. *See Iqbal*, 556 U.S. at 677-679 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009) (quoting *Iqbal*, 556 U.S. 678) (quoting *Twombly*, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Iqbal*, 556 U.S. 679.  This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate.  *Id.*

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief."  *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation."  *Id.* at 679-80 (citing *Twombly*, 550 U.S. at 567).  "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action."  *Ocasio-Hernandez*, 640 F.3d at 12, (citing *Iqbal*, 556 U.S. 679).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*,

10

628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernandez*, 640 F.3d at 12

(citing *Iqbal*, 556 U.S. 679); *see Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed

even if it appears that a recovery is very remote and unlikely.")(internal quotation marks omitted);

*see Ocasio-Hernandez*, 640 F.3d at 12 (citing *Twombly*, 550 U.S. at 556)("[T]he court may not

disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of

those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break

standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a

merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29.

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic

circumlocutions, and the like" will likely not survive a motion to dismiss. *Aulson v. Blanchard*, 83

F.3d 1, 3 (1st Cir. 1996). Similarly, unadorned factual assertions as to the elements of the cause of

action are inadequate as well. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011). "Specific

information, even if not in the form of admissible evidence, would likely be enough at [the motion

to dismiss] stage; pure speculation is not." *Id.* at 596; *see Iqbal*, 556 U.S. at 681("To be clear, we do

not reject [] bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the

conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that

disentitles them to the presumption of truth."); *see Mendez Internet Mgmt. Servs. v. Banco Santander de*

*P.R.*, 621 F.3d 10, 14 (1st Cir. 2010) (The *Twombly* and *Iqbal* standards require District Courts to

"screen [] out rhetoric masquerading as litigation."). However, merely parroting the elements of a cause of action is insufficient. *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009)).

The First Circuit outlined two considerations for district courts to note when analyzing a motion to dismiss. *García-Catalán v. United States*, 734 F.3d 100, 104 (1st Cir. 2013). First, a complaint modeled on Form 11 of the Appendix of the Federal Rules of Civil Procedure which contains enough facts to make the claim plausible is ordinarily enough to surpass the standard prescribed under *Twombly-Iqbal*. *Id.* at 104. Second, district courts should accord "some latitude" in cases where "[a] material part of the information needed is likely to be within the defendant's control." *Id.* (more latitude is appropriate in cases where "it cannot reasonably be expected that the [plaintiff], without the benefit of discovery, would have any information about" the event that gave rise to the alleged injury.)(internal citations and quotations omitted).

## IV.   LEGAL ANALYSIS

### A.  Relation Back Doctrine

Defendant Sheraton Puerto Rico argue that Plaintiffs' claims are time-barred under Article 1868 of the Civil Code of Puerto Rico.[4] Pursuant to Article 1868 of the Civil Code of Puerto Rico, in a tort action, a plaintiff has one-year to sue a defendant "from the time the aggrieved person had

---

[4] Sheraton Puerto Rico also argues that Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted, however, the Defendants main argument is the statutory time bar issue.

knowledge thereof." 31 P.R. Laws Ann. 5298(2). Should plaintiffs fail to file the tort claim within the one-year period, the action is time-barred. Therefore, a plaintiff has the burden of proving timeliness. *Tokyo Marine & Fire Ins. Co. v. Perez & Cia. Inc.*, 142 F.3d 1, 4 (1st Cir. 1998) (citations omitted). Defendants allege Plaintiffs' Second Amended Complaint is time-barred and, therefore, the instant action should be dismissed. The Court agrees.

In the case at hand, the parties disagree on the date of when the limitations period begins to run. Defendants contend that Plaintiffs acquired knowledge of injuries on November 9, 2016. Accordingly, the the statute of limitations began to run on November 10, 2016 and expired on Thursday, November 9, 2017,[5] thus time baring the Original Complaint that was filed on Monday, November 13, 2017.  Docket Nos. 65 at 4; 66 at 15. Conversely, Plaintiffs argue they filed a timely claim because the statute of limitations period began to run on November 10, 2016, and expired on Monday, November 13, 2017,[6] thus showing the Original Complaint was timely filed on Monday, November 13, 2017. Docket No. 61 at 9.

Sheraton Puerto Rico alleges Plaintiffs' amendments to the complaint were to avoid dismissal based on the one-year statute of limitations under Article 1868 of the Civil Code of Puerto Rico.

---

[5] Sheraton Puerto Rico argues the statute of limitations began to run on Thursday, November 10, 2016, such that Plaintiffs had until Thursday, November 9, 2017, or day 365, to file their complaint. (Docket No. 54 at 20)(citing *Yeinsip v. Lufthansa German Airlines*, 725 F.Supp. 113, 115 (D.P.R. 1989) to note that "[t]he time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded.").

[6] According to Plaintiffs, the statute of limitations expired on Monday November 13, 2017 because Friday, November 10, 2017 was Veterans Day, which was a Holiday observed by the United States District Court, and accordingly the limitations period was extended to the next business day Monday November 13, 2017.

Docket No. 66 at 15. Sheraton Puerto Rico argues Plaintiffs are "bound by the factual allegations in their Original Complaint and First Amended Complaint, which are judicial admissions, absent a satisfactory explanation for new and different facts." *Id*. at 16. Sheraton Puerto Rico alleges that on the face of the Original and First Amended Complaint, the date of injury is November 9, 2016; thus, Defendants contend Plaintiffs are bound by those dates and, therefore, the action is time-barred. Consequently, Defendants request the Court to rely on the factual allegations from the Original and First Amended Complaint, when adjudicating the Motion to Dismiss. Notwithstanding, even if the Court solely relied on the factual allegations of the Second Amended Complaint, the instant action would still be dismissed for the reasons set forth below.

The Court understands it needs to first analyze Federal Rule of Civil Procedure 15(c)(1). That is, it is paramount to determine if the Second Amended Complaint relates back to the date of the Original Complaint, under Fed. R. Civ. P. 15(c)(1). As such, the issue before the court is whether Plaintiffs' new facts and dates in the Second Amended Complaint arise out of the same conduct or occurrence pursuant to Rule 15(c)(1)(B). We hold it does not.

Pursuant to Federal Rule of Civil Procedure 15(c)(1)(B), a party may amend a pleading if it "relates back to the date of the original pleading when. . .the law that provides the applicable statute of limitations allows relation back; [and]. . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-- or attempted to be set out-- in the original pleading." The First Circuit generally allows relation back for "technical errors" but will

14

not allow relation back for claims "not even suggested in the original complaint." *O'Loughlin v. Nat'l R.R. Passenger Corp.*, 928 F.2d 24, 26-27 (1st Cir. 1991) *citing* Arthur R. Miller, Mary Kay Kane and Benjamin Spencer, *Federal Practice and Procedure*, Vol. 6A § 1497 (2d ed. 1990). In this vein, it has been stated that:

> [I]f the alteration of the original pleading is so substantial that it cannot be said that defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the new claim or defense, **then the amendment will not relate back and will be time barred if the limitations period has expired**.[7]

Several courts, including the U.S. Court of Appeals for the First Circuit, have analyzed Rule 15(c)(1)(B), particularly the issue of whether an amended complaint asserting new facts and new dates different from those of the original complaint, but arising out of the same conduct or occurrence, may relate back to the original complaint.

*O'Laughlin v. National R.R. Passenger Corp.*, 928 F.2d 24 (1st Cir. 1991)[8] is dispositive to the case at hand.  *O'Laughlin* is a case under Federal Employers' Liability Act ("FELA") where the original complaint contained nonspecific allegations that plaintiff was injured due to unsafe and inadequate working conditions on August 6, 1987. *Id.* at 25. Plaintiffs subsequently amended the complaint. *Id.* "The sole difference between the amended complaint and the original one was a

---

[7] Arthur R. Miller, Mary Kay Kane and Benjamin Spencer, *Federal Practice and Procedure*, Vol. 6A § 1497 (3d ed. 2018)(emphasis ours).

[8] The District Judge granted defendants motion to dismiss complaint for failure to comply with statute of limitations. The Plaintiffs appealed but the Circuit judge affirmed, holding the amended complaint did not relate back to time of filing of original complaint. *O'Laughlin*, 928 F.2d 24.

change in the date of the alleged incident from 'August 6, 1987' to 'June 8, 1987'." *Id.* The defendant

railroad company pointed out that it was aware of plaintiff's two reported incidents: one involving

injuries to his neck, back, and arm in a rail car collision on June 8, 1987 and another involving

injuries to his neck and back while inserting a cable into a rail car on August 6, 1987. *Id.* at 26. The

First Circuit held that the original complaint was not sufficiently specific to provide adequate

notice to the railroad that plaintiff was asserting a claim for the June 8, 1987 train collision and

therefore the amended complaint did not relate back. *Id.*, at 26-27; *see also Mackenworth v. S.S.*

*American Merchant*, 28 F.3d 246, 251-252 (2nd Cir. 1994) (finding seaman's respiratory injury claims

in amended complaint did not relate back to original complaint alleging back injury, even though

both were incurred during employment aboard the same vessel); *Wright v. United States*, 816 F. Supp.

415, 418 (E.D. Va. 1993), *aff'd* 21 F.3d 426 (4th Cir. 1994) (holding seaman's nonspecific allegations

of negligence causing unspecified injury on specific date aboard defendant's vessel were

insufficient to inform defendant of circumstances of proposed amended complaint setting forth

injury on different date aboard same vessel).

The case of *Moore v. Baker*, 989 F.2d 1129 (11th Cir. 1993) is also instructive. *Moore*

constitutes a medical malpractice case for failure to inform plaintiff of the availability of a

noninvasive therapy as an alternative to surgery. *Id.* at 1130. The amended complaint added an

allegation of negligence in the performance of the surgery and in post-operative care. *Id.* at 1131.

16

The Eleventh Circuit "conclude[d] that Moore's new claim [did] not arise out of the same conduct, transaction, or occurrence as the claims in the original complaint. Therefore, the amended complaint [did] not relate back to the original complaint, and the proposed new claims [were] barred by the applicable statute of limitations." *Moore*, 989 F.2d at 1132. Although this case focuses on different operative facts, versus a specific date change, the Eleventh Circuit emphasized that factual changes are essential and do not relate back, thus, making the complaint time-barred.

In the instant suit, Plaintiffs filed a Class Action Complaint and then requested leave to amend the Original Complaint, which the Court granted. Plaintiffs' First Amended Complaint had the same factual allegations and causes of action as the original; the only changes were narrowing the Defendants to Bahia Beach CH and BBP Partners and only adding Sheraton Puerto Rico. However, Plaintiffs' Second Amended Complaint **encompasses new facts and dates**, particularly a different date of when Plaintiffs acquired knowledge of their alleged injuries. The Court finds that changing the date is crucial and represents a new turn of events that surprised Defendants and the Court. Essentially, the Original Complaint provides no notice to Sheraton Puerto Rico that Plaintiffs were attempting to assert a claim for events that occurred on November 10, 2016. Based on the foregoing discussed case law, the Second Amended Complaint cannot fairly and adequately relate back to the Original Complaint.

Moreover, the Second Amended Complaint adds specific facts, that were not otherwise stated in the Original Complaint. For example, Plaintiffs allege they documented the incident after they

had come back from dinner instead of immediately when Jane Doe was out of the shower. Docket No. 61 at 6. Further, Plaintiffs claim they saw a miniature spy camera upon reviewing the photos they took of the blinds. *Id.* at 11. The Original Complaint provides no notice that Plaintiffs attempted to assert a claim for the installation of miniature spy cameras, which represents further damages. Lastly, the Second Amended Complaint alleges for the first time that Defendants Bahia Beach CH and BBP Partners had a contractual relationship with Defendant Sheraton Puerto Rico. *Id.* at 13. These factual changes are essential and do not relate back to the Original Complaint.

Accordingly, the Court holds that the Second Amended Complaint does not relate back to the Original Complaint. Considering the Second Amended Complaint was filed on May 7, 2018, and the events that gave rise to this suit occurred in 2016, the Court must dismiss the Second Amended Complaint as time-barred under Article 1868 of the Civil Code of Puerto Rico.

### B.  Negligence under Article 1802 of the Puerto Rico Civil Code

Even assuming the case is not time-barred, the Court would still dismiss the action under Rule 12(b)(6).  The grounds are set forth below.

The instant suit invokes this Court's diversity jurisdiction; thus, Puerto Rico's substantive law applies. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Negligence law in Puerto Rico is governed by Article 1802 of the Civil Code, which imposes liability on a person if "by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 P.R. Laws Ann. § 5141. In a well-pleaded complaint, the plaintiff must satisfy

18

four elements to prove negligence: "1) a duty requiring the defendant to conform to a certain standard of conduct; 2) a breach of that duty; 3) proof of damages; and 4) a causal connection between the damage and the tortious conduct." *Woods-Leber v. Hyatt Hotels of Puerto Rico, Inc.*, 124 F .3d 47, 50 (1st Cir. 1997); *see Sociedad de Gananciales v. Gonzalez Padin*, 17 P.R. Offic. Trans. 111, 125 (1986). Additionally, First Circuit precedent has established, under Puerto Rico law, "hotel-keeper[s] owe [their] guests a heightened duty of care and protection." *Woods-Leber*, 124 F.3d at 51; *see Mejias-Quiros v. Maxxam Property Corp.*, 108 F.3d 425, 427 (1st Cir.1997); *see Coyne*, 53 F.3d at 458. Nonetheless, "hotel-keeper[s] [are] not liable for harm unless the harm is reasonable." *Woods-Leber*, 124 F.3d at 51; *see Coyne*, 53 F.3d at 460-461. Thus, to prevail in their negligence claim, "[P}laintiffs' must prove that the injury was reasonably foreseeable (and, thus, could have been avoided had the [D}efendant[s] acted with due care.)" *Woods–Leber*, 124 F.3d at 51; *see Coyne v. Taber Partners* I, 53 F.3d 459-460 (1st Cir. 1995).

Moreover, the Supreme Court has emphasized that in Puerto Rico, foreseeability is a major factor to the element of a negligence claim because it "underlies both the issue of breach and proximate cause." W*ojciechowicz v. U.S.*, 582 F.3d 57, 67 (1st Cir. 2009); *see Vazquez-Filippetti v. Banco Popular de Puerto Rico*, 504 F.3d 43, 49 (1st Cir. 2007) ("a person breache[d] the duty of reasonable care when his actions [or omissions] created a reasonably foreseeable risk"). In other words, to

recover damages, Plaintiffs must show that the negligent acts or omission, of Defendants, were the proximate cause of their injuries.

The Supreme Court of Puerto Rico has established the nature of relationship between a hotel and a guest heightens the duty of care because a "hotel basically substitutes a home." *Estremera v. Inmobiliaria Rac, Inc.*, 109 P.R.R. 1150, 1154 (1980). But, for the Court to determine if a heighted duty exits between the parties, Plaintiffs need to satisfy the first element of negligence. Therefore, Plaintiffs must demonstrate Defendants owed them a duty of care. Under Puerto Rico law, a duty of care may arise: "1) [when there is] a statute or regulation, ordinance by law or contract; 2) the result of a special relationship between the parties has arisen through custom; or 3) as the result of a traditionally recognized duty of care particular to the situation." *De–Jesus–Adorno v. Browning Ferris Indus.*, 160 F.3d 839, 842 (1st Cir. 1998).

I.      Defendants Bahia Beach CH, LL and BBP Partners, LLC

In the Second Amended Complaint, Plaintiffs allege "upon information and belie[f]. . . Defendants Beach Bahia CH and BBP Partners owned, controlled, maintained, managed, supervised and was otherwise responsible for the operations of the St. Regis Bahia, including the safety and privacy of hotel patrons and the section, hiring, training, and supervision of the hotel staff." Docket No. 61 at 13. This is the only time Plaintiffs state any factual allegations against Bahia Beach CH and BBP Partners.  Beach Bahia CH and BBP Partners, however, argue Plaintiffs' Second Amended Complaint is "premised on [a] factually erroneous assertion" because they do not

operate the St. Regis Bahia. Docket No. 65 at 3-4. Bahia Beach CH and BBP Partners represent that "it is [Sheraton Puerto Rico' who operates de St. Regis Bahia Beach Resort and employs the employees and staff of said Resort." *Id.* At 4.

Plaintiffs' claims can only survive dismissal if the Second Amended Complaint contains enough facts to show Beach Bahia CH and BBP Partners owed a duty to them. Puerto Rico law establishes "as a general rule, a person is only liable for his own acts or omissions and only by exception is a person liable for the acts or omission of others." *Ocasio v. Hogar Geobel Inc.*, 693 F. Supp. 2d 167, 178 (D.P.R. 2008) (citing *Burgos–Oquendo v. Caribbean Gulf Refining Corp.*, 741 F. Supp. 330 (D.P.R.1990)). However, pursuant to Article 1803 of the Civil Code of Puerto Rico, there are exceptional circumstances imposing tort liability on a third party; which are the liability of: "(1) of the father or mother for the damage caused by minor children; (2) of guardians for the damage caused by the persons under their authority who live with them; (3) of employers for the damage caused by an employee acting in the course of his employment; (4) of masters or directors of arts and trades for the damage caused by their pupils or apprentices, and (5) of the government of the Commonwealth of Puerto Rico under certain pre-established circumstances." 31 P.R. Laws Ann. tit. 31, § 5142.

Bahia Beach CH and BBP Partners represent in their *Motion to Dismiss* that the St. Regis Bahia is operated by Sheraton Puerto Rico and not by Bahia Beach CH and BBP Partners.  Docket No. 65 at 3-4. The dispositive motion also specifies that Bahia Beach CH and BBP Partners do not have

any employees; therefore, any employees of the St. Regis Bahia are employees of Sheraton Puerto Rico. *Id.* At 4. Accordingly, in absence of a duty of care owed by these codefendants, the Plaintiffs would need to have facts in the Second Amended Complaint to show that that Bahia Beach CH and BBP Partners, as purported owners or supervisors of Sheraton Puerto Rico, are still liable for Sheraton Puerto Rico's negligent actions as their independent contractor.  But such facts are not pled, let alone raised in Plaintiffs' Opposition to the Motions to Dismiss. Plaintiffs only factual allegations, against Bahia Beach CH and BBP Partners, are briefly stated in one sentence in the Second Amended Complaint.[9] Docket No.  61 at 13.  Accordingly, the Court grants dismissal.

## II.    Defendant Sheraton Puerto Rico Management, LLC

Plaintiffs allege that "upon information and belie[f]. . . Defendant Sheraton Management was contractually obligated to assist Defendants Bahia Development and BBP Partners in operating the St. Regis Bahia, and therefore, share responsibility for the control, maintenance, management, and supervision of the operations. . . including the safety and privacy. . . and the selection, hiring, training, and supervision of the hotel staff." Docket No. 61 at 13. In Sheraton Puerto Rico's *Motion to Dismiss*, the focal point of the argument relies heavily on the statute of limitation issue. Sheraton Puerto Rico does not entertain the allegations made by Plaintiffs.

---

[9] The Court notes that Plaintiffs have failed to allege any set of facts in the Second Amended Complaint to establish any of the foregoing legal elements of the independent contractor liability doctrine.

Taking the factual allegations as true, the Court determines the Plaintiffs meet the first element of a negligence claim. Further, the allegation is confirmed by the representations asserted by Bahia Beach CH and BBP Partners that "the St. Regis Bahia Beach is operated by Sheraton Puerto Rico Management, LLC. . . [and] all employees of the St. Regis Bahia Beach. . . [are] employees of the Operator of the St. Regis Bahia Beach, Sheraton Puerto Rico Management, LLC." Docket no. 65 at 3-4.

The next element Plaintiffs need to satisfy is that Sheraton Puerto Rico breached their duty of care. A defendant has "the duty to act as would a prudent and reasonable person under the circumstances." *Vazquez-Filippetti*, 504 F .3d at 49. For Plaintiff to prove Sheraton Puerto Rico breached their duty of care, Plaintiffs must show that the negligent acts or omission created a reasonably foreseeable risk. I*d.* Under Puerto Rico law, foreseeability is a major factor in determining Plaintiffs' claim. *see* W*ojciechowicz*, 582 F.3d at 57. To recover for damages, not only do the four elements of negligence have to be met but Plaintiffs "must prove that the injury was reasonably foreseeable" and could have been avoided if Sheraton Puerto Rico acted with due care." *Woods–Leber*, 124 F.3d at 51; *see Coyne*, 53 F.3d 459-460. In other words, Plaintiffs must prove that Sheraton Puerto Rico had actual constructive knowledge of the dangerous condition that most likely than not caused the damage. *Torres v. Kmart Corp.*, 233 F. Supp. 2d 273, 278 (D. P.R. 2002).

In the instant case, Plaintiffs have not demonstrated sufficient facts to satisfy a negligence claim against Sheraton Puerto Rico. Plaintiffs' Second Amended Complaint alleges they were

secretly watched, recorded, and photographed by the hotel staff. Docket No. 61 at 10. Upon returning home, Plaintiffs claim that the photograph they took shows a "clearly defined square object" and surmised it was a miniature spy camera installed within the blinds. *Id.* at 11. It is, at best, merely speculative whether there was in fact a spy camera inside Plaintiffs' hotel room and, therefore, that their privacy rights were violated.  Plaintiffs cannot base their claims on legal conclusions or factual conjecture.   Plaintiffs "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" do not survive the motion to dismiss.  *Aulson*, 83 F.3d at 3. Accordingly, dismissal under Rule 12(b)(6) of the Second Amended Complaint is warranted.

### V.      CONCLUSION

For the reasons set forth above, the Court holds that Plaintiffs' claims are time-barred and fail to state claim upon which relief can be granted.  Thus, both Motions *to Dismiss* (Docket Nos. 65; 66) are hereby **GRANTED**.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of March 2019.

s/ Daniel R. Dominguez

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE